[Cite as *State v. Thompson*, 2025-Ohio-2099.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-10-122 |
| | : | O P I N I O N |
| - vs - | | 6/16/2025 |
| | : | |
| RYAN A. THOMPSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. TRD 2403070

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Ryan A. Thompson, pro se.

**PIPER, J.**

{¶ 1}   Appellant, Ryan A. Thompson, appeals his conviction in the Butler County Area II Court for speeding in violation of R.C. 4511.21(D)(1), a minor misdemeanor.[1] For the reasons outlined below, we affirm Thompson's conviction.

{¶ 2}   On the evening of August 23, 2024, Sergeant Brandon L. McCroskey issued

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

Thompson a speeding ticket. The ticket alleged that Thompson, while traveling on State Route 4 in Fairfield Township, Butler County, Ohio, had operated his motor vehicle at 93 mph in a 55-mph speed zone. The matter went to trial on September 26, 2024. At trial, Sergeant McCroskey testified that, rather than an unaided visual estimation of Thompson's speed, he instead used both his radar and his speedometer to determine that Thompson was speeding. Specifically, as Sergeant McCroskey testified, "I visually estimated the speed and verified with – a track speed-measuring device." The trial court found Thompson guilty and ordered him to pay a $50 fine plus court costs. Thompson now appeals his conviction, raising one assignment of error for review.

{¶ 3} THE TRIAL COURT ERRED IN UPHOLDING THE CONVICTION BASED ON AN OFFICER'S UNAIDED VISUAL ESTIMATION OF SPEED.

{¶ 4} In his single assignment of error, Thompson argues his conviction was not supported by sufficient evidence. More specifically, Thompson argues the trial court erred by "admitting and relying on" Sergeant McCroskey's "unaided visual estimation of speed" to convict him. To support this position, Thompson cites R.C. 4511.091(C)(1), which provides:

> No person shall be arrested, charged, or convicted of a violation of any provision of divisions (B) to (O) of section 4511.21 [speed limits on public roadways] or section 4511.211 [speed limits on a private residential road or driveway] of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor vehicle, trackless trolley, or streetcar.

{¶ 5} In this case, however, Thompson's conviction was not based solely on Sergeant McCroskey's "unaided visual estimation" of his speed. It was instead based on Sergeant McCroskey's use of both his radar and his speedometer to determine the speed of Thompson's motor vehicle. Again, as Sergeant McCroskey testified, "I visually

estimated the speed and verified with – a track speed-measuring device." 4511.091(C)(1)(a) specifically states that this division does not "[p]reclude the use by a peace officer of a stopwatch, radar, laser, or other electrical, mechanical, or digital device to determine the speed of a motor vehicle . . . ." This includes the "pacing" method used by Sergeant McCroskey here. *State v. Ratliff*, 2020-Ohio-3315, ¶ 20-22 (12th Dist.) (noting that "pacing" is an acceptable manner for determining a vehicle's speed). Therefore, "4511.091(C)(1) does not apply where a 'stopwatch, radar, laser, or other electrical, mechanical, or digital device' is used to determine a vehicle's speed." *Id.* Accordingly, because the prohibition found in R.C. 4511.091(C)(1) does not apply to the case at bar, Thompson's single assignment of error lacks merit and is overruled.

**{¶ 6}** Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.